FEBRUARY 25, 1959

**No. 62790.**—Lyons Transport *v.* United States, protests 258830–K/6934, etc.—

MOLLISON, Judge: Defendant's motion for an order setting aside the judgment entered in the above-entitled case on December 8, 1958, is based upon several grounds, which will be disposed of in order in this memorandum.

The first ground relates to the fact that, in schedule "A," attached to the said judgment and representing the item numbers and sizes of marble or onyx pieces to which the plaintiff limited its claim, each item number appeared twice. This occurred because the first page of schedule "A" lists the item numbers opposite the sizes of the pieces, while the second page lists the sizes of the pieces opposite the corresponding item numbers. At the time the exhibit (plaintiff's exhibit 1), of which schedule "A" is a part, was offered by counsel for the plaintiff, there was no objection to its receipt in evidence made by trial counsel for the defendant, and it appears that the duplication, as stated above, of the item numbers does not actually affect the usefulness of the schedule as identifying the items involved.

Defendant points out that item 63–1064 appears on the first page under that number and on the second page under the item number 63–C–1064. Item 63–C–1064 is one of the items as to which plaintiff's protest claim was overruled, and, moreover, neither as 63–C–1064 nor as 63–1064 does it appear on any of the invoices covering the merchandise here involved. The error, if any, is, therefore, of no materiality and harmless, in any event.

Defendant points out that exhibit 4 was identified in the record as item 3481 and that that number does not appear on the schedule at all. While it is true that the number 3481 was mentioned in the record as relating to exhibit 4, the record also shows that the item number C–481 was also mentioned as relating to the exhibit, and it seems clear that item C–481 was the correct number intended. Item C–481 does appear on the schedule, whereas 3481 does not.

Defendant points out that item number C–709, as it appears on the schedule, refers to two different sizes of marble. Inasmuch as item C–709 is one of the items as to which plaintiff's protest claim was overruled, the error is of no materiality.

From the foregoing, it will be seen that there is no error as to the identity of the items appearing on schedule "A" which requires action by the court for correction.

Defendant's second ground for the motion is based upon a belief that the following statement appearing in the opinion requires a holding in favor of the defendant as to all of the merchandise involved. The statement reads:

There seems to be no question but that the pieces are ordered in specific sizes and shapes and that, after importation, they are sold to dealers, wholesalers, jobbers, and manufacturers and are suitable for and are used as imported as paperweights, or with further manufacture as bases for trophies or for pens or pencils. Some of the pieces, but not all, could be used as wall tiles, according to the witness. The distinction between those which could be so used and those which could not appears to be related to size and the amount of "rounding off" of the edges, those 4 inches by 4 inches and smaller and those having less pronounced "rounding off" (so that the tiles would fit closer together) apparently being so usable.

It seems to be the defendant's argument, at least in part, that the fact that all of the pieces, as imported, were suitable for and used as paperweights would take them out of the class of articles known as "slabs" and bring them within the category of articles further manufactured than the slab state and classifiable as marble, wholly manufactured into articles, not specially provided for.

We do not think that paperweights, generally, are such articles as lose their own identity by the mere fact that they are used as paperweights. Most of the dictionary definitions of the term "paperweight" are along the lines of that appearing in Webster's New Collegiate Dictionary, that a paperweight is—

Any object designed to hold down loose papers by its weight.

Thus, it is described as an "object," or, more specifically, "any object," and its chief attribute is weight. We may take judicial notice of the fact that many objects are used as paperweights, such as interesting rocks, pieces of wood, etc. There is no reason why a slab of marble or onyx is any the less a slab when it is used as a paperweight. The rocks, pieces of wood, etc., often used as paperweights, do not lose their identity as rocks, wood, etc., when they are used as paperweights. In all cases, it is not a particular size, shape, or form that makes an object a paperweight, but its weight.

Defendant further argues, based upon the foregoing quotation from the opinion, that—

* * * there is no evidence in the record herein as to which item numbers are more "rounded off" than others, and in fact the witness testified in answer to Judge Mollison's question that Exhibit 4 could not be used as a tile.

The decision and judgment herein disregards this finding of fact and holds that items much larger than 4 inches by 4 inches are dutiable as slabs.

In the first place, it was not intended to be held, nor is any reason apparent for holding, that, because some items are more "rounded off" than others, there should be a distinction in their classification. In our opinion, we said—

* * * In our opinion, the use of a slab as a paperweight, *whether or not it had rounded edges*, would not take it out of the category of a slab.

 *  *  *  *  *  *  *

* * * However, as an original proposition in this case, we are of the opinion that the mere rounding off of the sharp edges of the involved slabs would not change their character from that of slabs to anything else. * * * [Italics added.]

In the second place, with respect to the fact that some of the imported slabs ("those 4 inches by 4 inches and smaller and those having less pronounced 'rounding off' (so that the tiles would fit closer together)") could be used as tiles, this fact was adverted to for the purpose of demonstrating the lack of dedication to particular uses possessed by the tiles described. It was not intended thereby to suggest that all of the other pieces, including those larger than 4 inches by 4 inches, did not exhibit a similar lack of dedication. All of the pieces as to which the protest claim was sustained could be used as paperweights; some of them could also be used as tiles; none of them possessed such indicia of dedication as would take them out of the category of slabs.

Defendant's final ground for its motion is based upon a contention that the recent decision of our appellate court in the case of *J. B. Henriques, Inc.* v. *United States*, 46 C.C.P.A. (Customs) 17, C.A.D. 695 (decided December 15, 1958), established that cutting to size constituted such dedication of a material as would take it out of the category of materials and place it in the category of manufactured articles.

From a reading of that opinion, it certainly does not seem to us to be authority for any such broad holding as is suggested by counsel for the defendant. On the contrary, it would appear from statements made in the opinion of the majority that the decision was intended to be limited to a determination of the proper classification only of the merchandise there involved, rectangular pieces of acrylic resin, under the particular competing statutory provisions there in issue, which are not identical with those involved in the case at bar. Among other things, the court there said:

Determination as to what constitutes a partly manufactured article, as hereinbefore described, is frequently a difficult one, and it is not possible to establish rigid rules which will be determinative of the disposition of the issue in all cases.

thus evidencing its purpose not to be understood as establishing a rule applicable to all cases where the issue is between a material and a manufacture of a material.

Moreover, far from indicating a view contrary to that embodied in our decision in this case, certain statements made by our appellate court in the *Henriques* case rather tend to support the position we have taken in this case. In reviewing prior decisions involving, among other things, marble pieces, our appellate court referred to the case of *United States* v. *General Shipping & Trading Co. et al.*, 44 C.C.P.A. (Customs) 168, C.A.D. 656, holding that certain pieces of marble of various predetermined sizes, numbered to facilitate installation and designed to be used in the making of a wainscot, were properly classifiable as marble slabs, rather than as marble, partly manufactured. As expressing the *ratio decidendi* of that decision, our appellate court said that the pieces of marble there involved—

* * * although of predetermined sizes, were otherwise of general utility and could be used without modification, for various purposes, including walls or floors.

According to the record made in this case, the description of "general utility" is applicable to the merchandise at bar. It was available for any use for which slabs of marble of its size and description could be used, including immediate use as paperweights, in some instances as tiles, and, with further manufacture, as bases, etc.

For the foregoing reasons, we are of the opinion that the motion for rehearing is without merit, and it will be denied. Order accordingly.